## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 18, 2021

Via ECF

Hon. Jesse M. Furman
 U.S. District Judge
  U.S. District Court (S.D.N.Y.)
   40 Foley Square
    New York, NY 10007

Re: Bluestone Resources Inc. *et al.* v. Greensill Capital (UK) Limited *et al.*, Case No. 21-CV-2253 (JMF)

Dear Judge Furman:

I write as counsel to the Plaintiffs in the above-captioned action to provide the Court with the status of Plaintiffs' service of the summons and Complaint (as defined below) on Defendants pursuant to the Court's Order to Show Cause, dated May 24, 2021 (Dkt. No. 17) (the "Order to Show Cause"). The Order to Show Cause ordered, among other things, that Plaintiffs file proof of such service no later than June 14, 2021 and, in the event proof of service was not filed by such date, to communicate to the Court in writing by June 21, 2021 as to why service was not completed by such date.

As your Honor is aware, on March 16, 2021, Plaintiffs commenced this action by filing an initial complaint against Defendants by asserting certain causes of action arising out of and relating to a contractual financing relationship between Defendant Greensill Capital (UK) Limited ("GCUK") and certain Plaintiffs (Dkt. No. 1). Plaintiffs filed an amended complaint on June 4, 2021 (Dkt. No. 20) (as amended, the "Complaint").

Immediately after commencing this action, Plaintiffs entered into negotiations with Defendant GCUK and certain other interested parties with respect to a potential litigation

-2-

Hon. Jesse M. Furman
June 18, 2021

standstill to allow the parties to engage in preliminary settlement discussions, during which negotiations Plaintiffs agreed not to serve the summons and Complaint on Defendants. On April 28, 2021, Plaintiffs entered into a standstill agreement with the other parties thereto (the "Standstill Agreement") and agreed, among other things, not to serve the summons and Complaint on Defendants during the standstill period.

The Standstill Agreement expired on May 28, 2021. On June 9, 2021, Plaintiffs effected service on Defendant GCUK and Defendant Roland Hartley-Urquhart through their respective counsel. *See* Stipulations, dated June 9, 2021 at Dkt. Nos. 21 and 22.

On June 16, 2021, Plaintiffs effected service on Mr. Greensill through his counsel. *See* Stipulation, dated June 16, 2021 at Dkt. No. 23. To Plaintiffs' knowledge, Mr. Greensill is an individual in a foreign country under Rule 4(f) of the FRCP, and therefore service on Mr. Greensill is not subject to the 90-day requirement under Rule 4(m) of the FRCP (which excludes, among others, service in a foreign country under Rule 4(f) from its requirements).

Accordingly, Plaintiffs have now effected service of the summons and Complaint on all Defendants.

I am available to answer any questions the Court has on the matters addressed in this letter or otherwise. Thank you for your Honor's consideration.

Respectfully submitted,

James L. Bromley

cc:  Laura R. Hall (by email)
     Christos Papapetrou (by email)
     William H. Taft V (by email)