August 26, 2021

VIA ECF

Hon. Jesse M. Furman
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   **Bluestone Resources Inc. et al. v. Greensill Capital (UK) Limited et al., Case No. 21-CV-02253 (JMF)**

Dear Judge Furman:

      Defendants Alexander Greensill and Roland Hartley-Urquhart (the "Individual Defendants") hereby respectfully request that this action be stayed as to them for so long as it is stayed as to defendant Greensill Capital (UK) Limited ("GCUK") as a result of the automatic stay that imminently will be imposed by operation of law in GCUK's Chapter 15 case, pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). GCUK has consented to this request. Plaintiffs have not responded to inquiries whether they also would consent.

      As the Court is aware, GCUK has filed a petition with the Bankruptcy Court (the "Petition") seeking recognition of GCUK's English law insolvency proceeding as a foreign main proceeding pursuant to Chapter 15 of the Bankruptcy Code. *See* ECF 35. The Petition is set for a hearing before the Bankruptcy Court on September 10, 2021 and GCUK and the Individual Defendants anticipate that the Bankruptcy Court will grant the requested recognition. As a result, this action will be automatically stayed against GCUK pursuant to 11 U.S.C. §§ 362, 1520(a)(1) (the "Automatic Stay").

      In light of the expected Automatic Stay, the Individual Defendants respectfully submit that a stay as to them is also warranted and should be coterminous with the Automatic Stay as to GCUK. The reasons for a coterminous stay are compelling: (i) Plaintiffs have sued the Individual Defendants in their capacities as agents for GCUK and the claims asserted against them are entirely derivative of the breach of contract and tort claims asserted against GCUK directly; (ii) the equitable relief sought by Plaintiffs (rescission of personal guarantees with GCUK) cannot be afforded in GCUK's absence; and (iii) should the case proceed to discovery, GCUK is in possession of the lion's share

August 26, 2021

2

of documentary and other evidence relevant to Plaintiffs' claims.  GCUK thus constitutes a necessary party under Federal Rule of Civil Procedure 19(a), warranting a stay of this action until it can participate.  *See, e.g.*, *Boat Basin Invs., LLC v. First Am. Stock Transfer, Inc.*, No. 03 CIV 493 (RWS), 2003 WL 282144, at *8 (S.D.N.Y. Feb. 7, 2003) (staying action pursuant to Rule 19 under similar circumstances because "[c]omplete relief may not be accorded in the absence of a principal in a principal/agent relationship").

A proposed order implementing a coterminous stay as to the Individual Defendants is appended to this letter.  Although the Automatic Stay will not go into effect until September 10, 2021, in the interest of efficiency, the Individual Defendants request that the Court enter the proposed order prior to that date.

Respectfully submitted,

/s/ William H. Taft V

William H. Taft V
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6877
*Counsel to Defendant Alexander Greensill*

/s/ Christos G. Papapetrou

Christos G. Papapetrou
Haynes & Boone, LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 659-4967
*Counsel to Defendant Roland Hartley-Urquhart*

August 26, 2021

3

cc:   Laura R. Hall (by email)
      James L. Bromley (by email)