September 2, 2021

VIA ECF

Hon. Jesse M. Furman
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

> Re: **Bluestone Resources Inc. et al. v. Greensill Capital (UK) Limited et al., Case No. 21-CV-2253 (JMF)**

Dear Judge Furman:

This responds to Plaintiffs' letter response, ECF 39 ("Plaintiffs' Response"), to the Individual Defendants' request that this action be stayed as to them for so long as it is automatically stayed as to GCUK. Plaintiffs' Response confirms that such a coterminous stay is warranted for three reasons.

First, GCUK's status as a necessary and indispensable party is confirmed by Plaintiffs' Response, which concedes discovery in this matter will hinge on the availability of GCUK and invokes Count X (alleging fraudulent inducement), which seeks rescission of personal guarantees executed in favor of GCUK. Where a plaintiff seeks rescission of a contract, all parties to the contract are necessary parties. *Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000) ("It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party."); *Glob. Disc. Travel Servs., LLC v. Trans World Airlines, Inc.,* 960 F. Supp. 701, 707–708 (S.D.N.Y. 1997) ("As a direct party to the contract which is under dispute, [the absentee party] is a necessary party…for at least three reasons articulated under FED. R. CIV. P. 19(a)."); *Williams v. Planet Fitness, Inc.*, No. 20 CV 3335, 2021 WL 1165101, at *6 (N.D. Ill. Mar. 26, 2021) ("Where a plaintiff's claims arise out of contractual obligations, all parties to the relevant contract necessarily claim an interest in the subject of the case and disposing of the case without those parties impairs their ability to protect their interests."). A finding that the Individual Defendants, who were officers or directors of GCUK, but not themselves parties to any relevant contract, fraudulently induced the execution of the personal guarantees would plainly implicate GCUK's interests. Moreover, because the relief sought by Plaintiffs cannot be afforded without GCUK's participation this case should be stayed until GCUK can participate. *See Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) ("No procedural principle is more deeply

imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."). Even if it were possible to proceed along separate tracks, the case should be stayed due to "the public's interest in avoiding repeated lawsuits on the same essential subject matter." *Glob. Disc. Travel Servs.*, 960 F. Supp. at 708.

Second, Plaintiffs' argument that non-debtors are not generally entitled to the benefit of the automatic stay under the Bankruptcy Code mischaracterizes the relief requested, substituting a strawman. The Individual Defendants are not asking the Court to grant them the full protection of the automatic stay, which would apply to any existing or future claim — only a Bankruptcy Court has that power. The Individual Defendants merely seek a stay of this particular action as to which GCUK is an indispensable party.

Third, while all parties agree that a stay of some duration is appropriate, Plaintiffs' Response provides no principled basis for a 90-day stay as opposed to a coterminous stay. Rather, Plaintiffs' proposal appears to be driven by a desire to keep the claims against the Individual Defendants on the Court's docket while Plaintiffs continue negotiations with purported "other parties in interest" over "potential paths forward" for addressing their nearly $1 billion in debt. Plaintiffs' Response at 4. Plaintiffs cannot shorten a stay necessitated by the unavailability of an indispensable party purely to preserve negotiating leverage.

To minimize the burden on the Court and the parties, the Individual Defendants respectfully submit that the Court should enter a stay coterminous with any automatic stay entered with respect to GCUK.

Respectfully submitted,

/s/ William H. Taft V  /s/ Christos G. Papapetrou

William H. Taft V  Christos G. Papapetrou
Debevoise & Plimpton LLP  Haynes & Boone, LLP
919 Third Avenue  30 Rockefeller Plaza
New York, NY 10022  New York, NY 10112
(212) 909-6877  (212) 659-4967
*Counsel to Defendant Alexander Greensill*  *Counsel to Defendant Roland Hartley-Urquhart*

cc:  Laura R. Hall (by email)
  James L. Bromley (by email)