# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 31, 2021

<u>Via ECF</u>

Hon. Jesse M. Furman
    U.S. District Judge
        U.S. District Court (S.D.N.Y.)
            40 Foley Square
                New York, NY 10007

   Re:  <u>Bluestone Resources Inc. *et al.* v. Greensill Capital (UK) Limited *et al.*</u>, Case No. 21-CV-2253 (JMF)

Dear Judge Furman:

   I write as counsel to the Plaintiffs in the above-captioned action pursuant to the Court's order, dated August 27, 2021 (Dkt. No. 38) and in opposition to the letter motion filed by Defendants Alexander Greensill and Roland Hartley-Urquhart (the "<u>Individual Defendants</u>"), dated August 26, 2021 (the "<u>Letter Motion</u>").

   In the Letter Motion, the Individual Defendants request an indefinite stay of this action with respect to the Individual Defendants in the event – and for so long as – the action is stayed as to Defendant Greensill Capital (UK) Limited ("<u>GCUK</u>") if the petition seeking recognition of GCUK's English administration proceeding (the "<u>UK Administration</u>") under Chapter 15 of the United States Bankruptcy Code (Dkt. No. 37) (the "<u>Chapter 15 Petition</u>") filed by the joint administrators of GCUK (the "<u>Joint Administrators</u>") is granted.  For the reasons set forth below, the Individual Defendants' requested relief should be denied, and instead, in the event the U.S. Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy</u>

-2-

Hon. Jesse M. Furman
August 31, 2021

Court") grants the Chapter 15 Petition and extends protection of the automatic stay to GCUK, the Court should order a 90-day stay of this action.[1]

        Plaintiffs do not oppose a limited stay of this action as to the Individual Defendants in the event GCUK obtains a stay from the Bankruptcy Court (a "GCUK Chapter 15 Stay").[2]  But extending a GCUK Chapter 15 Stay to the Individual Defendants as requested in their Letter Motion is not warranted under the circumstances and would unnecessarily prejudice Plaintiffs, especially given that a limited duration stay would fully address any procedural issue in this action caused by a GCUK Chapter 15 Stay while preserving all parties' rights under the current *status quo*.  Plaintiffs therefore respectfully request the limited duration stay described above.

        Extending a GCUK Chapter 15 Stay to the Individual Defendants is inappropriate under the circumstances.  Bankruptcy courts only extend the automatic stay to non-debtors in very limited circumstances which do not (and which the Individual Defendants do not suggest) apply here.  *See Zavala* v. *Trece Corp.*, 2019 U.S. Dist. LEXIS 69104, *3 (S.D.N.Y. Apr. 23, 2019) ("Generally, a suit against a co[-]defendant is not automatically stayed by the debtor's bankruptcy filing.  While an automatic stay can be extended to non-debtor co-defendants, it normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." (internal quotations and citations omitted)); *see also McCartney v. Integra Nat'l Bank,* 106 F.3d 506, 510 (3d Cir.1997) (ruling that unusual circumstances warranting extension of automatic stay to non-debtor third parties exist if "there is such an identity between the debtor and the third-party defendant that the defendant may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.").

        Furthermore, Rule 19(a) does not provide a basis for either this Court or the Bankruptcy Court to expand the scope of the automatic stay.  *See In re Irwin*, 457 B.R. 413, 425 (Bankr. E.D. Pa. 2011) ("Fed.R.Civ.P. 19 does not expand the scope of the automatic stay, 11 U.S.C. § 362(a).").  Therefore, even if the Individual Defendants were correct that GCUK is a

---

[1]     In the event the Joint Administrators do not obtain the benefit of the automatic stay under section 362 of the Bankruptcy Code, this Court should give a short 30-day extension of deadlines to give all Defendants sufficient time to respond to the Complaint [Dkt. No. 20].  In the interests of efficiency, Plaintiffs consent to the Court entering an order in advance of the Chapter 15  recognition hearing before the Bankruptcy Code ordering the limited duration stay proposed by Plaintiffs, so long as such order makes clear that such stay would only apply in the event the Bankruptcy Court stays this action as to GCUK.

[2]     The Letter Motion indicates that Plaintiffs did not respond to inquiries from the Individual Defendants whether they would consent to a stay coterminous with a GCUK Chapter 15 Stay.  That fails to provide the Court with full context.  Following the filing of GCUK's Chapter 15 petition, counsel to the Plaintiffs initiated contact with counsel to the Individual Defendants to discuss a consensual stay of this action with respect to their clients for 90 days.  Counsel to the Individual Defendants advised Plaintiffs that they were unwilling to accept a limited duration stay and would only accept a stay "coterminous" with a GCUK Chapter 15 Stay.  Given that Plaintiffs believe a "coterminous" stay is inappropriate here, Plaintiffs did not respond to the Individual Defendants' request for consent and the Individual Defendants proceeded to file their Letter Motion.

Hon. Jesse M. Furman
August 31, 2021

necessary party to all of Plaintiffs' claims (which they are not, as explained below), extending the automatic stay to the Individual Defendants would still be improper,[3] especially when Plaintiffs consent to a limited duration stay of 90 days that will allow the parties and the Court to fully address any procedural issue caused by a GCUK Chapter 15 Stay (which stay would, among other things, preserve the Individual Defendants' right to seek extension of a GCUK Chapter 15 Stay from the Bankruptcy Court, as well as Plaintiffs' right to oppose such extension).

The Individual Defendants' request is therefore an improper attempt to obtain the benefit of the automatic stay in an end-run around the Bankruptcy Court and Bankruptcy Code. *See Martin* v. *Tap Rock Res., LLC*, No. 20 CV 00170 WJ-CG, 2021 WL 532809, at *5 (D.N.M. Feb. 12, 2021) (noting that "it would distort congressional purpose to hold that a third party solvent co-defendant should be shielded . . . by a device [*i.e.,* the automatic stay] intended for the protection of the insolvent debtor" and that "[i]n the extraordinary instances where the bankruptcy stay is extended, the debtor generally makes the request based on their own reorganization efforts.")

In addition, contrary to the Individual Defendants' assertion, Plaintiffs' claims against the Individual Defendants are not "entirely derivative of the breach of contract and tort claims asserted against GCUK directly":[4] certain of Plaintiffs' claims against the Individual Defendants are asserted directly against the Individual Defendants, separate and apart from claims against GCUK, including Plaintiffs' claims for common law fraud against Mr. Hartley-Urquhart (Count III) and fraudulent inducement against both of the Individual Defendants (Count X). Plaintiffs have also asserted a claim for civil conspiracy against all Defendants, for which all Defendants would be joint and severally liable under applicable West Virginia law[5] such that each defendant is "merely a permissive party" pursuant to the Advisory Committee Notes to Rule 19(a).[6] GCUK is therefore not a necessary party to any of those claims and Plaintiffs are entitled to pursue those claims against the Individual Defendants despite a GCUK Chapter 15 Stay.[7] To the extent that litigation implicates a GCUK Chapter 15 Stay, including with respect to discovery matters, Plaintiffs can seek relief from the Bankruptcy Court as needed,

---

[3]    *See Mokuba N.Y. LLC* v. *Pitts (*In re *Pitts)*, 2009 Bankr. LEXIS 4023, *11 (E.D.N.Y. Bankr. Dec. 8, 2009) ("Despite the presiding court's inherent jurisdiction to determine whether the stay applies, the Second Circuit and other courts have recognized that the ultimate determination of whether the automatic stay applies to a non-bankruptcy action lies with the bankruptcy court . . . .").

[4]    Letter Motion, at 1.

[5]    W. Va. Code § 55-7-13c(a) (providing joint liability for two or more defendants who conspire or design to commit a tortious act or omission).

[6]    *See, e.g., Philip Morris Cap. Corp.* v. *Century Power Corp.*, 788 F. Supp. 794, 797 (S.D.N.Y. 1992) (finding a joint and severally liable tortfeasor not to be a necessary party under Rule 19(a)).

[7]    The decision in *Boat Basin Invs., LLC* v. *First Am. Stock Transfer, Inc.*, No. 03 CIV 493 (RWS), 2003 WL 282144 (S.D.N.Y. Feb. 7, 2003) cited by the Individual Defendants is therefore inapt.

-4-

Hon. Jesse M. Furman
August 31, 2021

which relief can be to lift the stay to permit the matter to proceed as to GCUK through discovery and judgment (but not collection) or in a more targeted fashion. There simply is no basis for this Court to grant the extraordinary remedy of extending the Bankruptcy Code's automatic stay to these non-debtor defendants.

Extending a GCUK Chapter 15 Stay to the Individual Defendants would unduly prejudice Plaintiffs by prematurely and improperly precluding them from litigating those claims to which GCUK is not a necessary party while a GCUK Chapter 15 Stay is in place. *See Fanning* v. *Black & Decker, Inc.*, No. CIV. A. 98-6141, 1999 WL 163628, at *3 (E.D. Pa. Mar. 18, 1999) (holding that the automatic stay does not extend to non-bankrupt co-defendants because the bankrupt defendant is not a necessary party and that denying plaintiff trial until bankrupt defendant's bankruptcy proceedings are resolved would prejudice plaintiff). This is particularly true when such relief is entirely unnecessary to address the current timing issue facing the parties caused by GCUK's Chapter 15 filing. Any current procedural issues are far more equitably and efficiently solved by an extension of all deadlines in this action by 90 days as Plaintiffs propose.

A 90-day extension of all deadlines in this action with respect to the Individual Defendants is straightforward, reasonable and preserves the *status quo* with respect to all parties, without prejudicing any parties' rights, and would provide sufficient time for the parties to engage on potential paths forward, including efforts to identify other parties in interest to the pending action whose intervention in this action could significantly limit the impact of GCUK's Chapter 15 proceeding (including a GCUK Chapter 15 Stay) on this action. In any case, in addition to seeking relief from the Bankruptcy Court, the Individual Defendants can always move this Court for a further stay of the pending action after the initial 90 days has lapsed.

Any GCUK Chapter 15 Stay is potentially of indefinite duration. Absent extension of such stay by the Bankruptcy Court, there is simply no basis for the Individual Defendants to obtain the protections of the Bankruptcy Code and for Plaintiffs to be required to obtain relief from the *Bankruptcy Court* in order to continue claims against the Individual Defendants to which GCUK is not a necessary party when a 90-day stay that addresses the any procedural issue caused by a GCUK Chapter 15 Stay while preserving all parties' rights at the *status quo* is available. Accordingly, Plaintiffs respectfully request that this Court deny the Individual Defendant's request for a stay co-terminous with a GCUK Chapter 15 Stay and instead order a 90-day stay of this action, subject to the outcome of GCUK's recognition hearing.[8]

We are available to answer any questions the Court has on the matters addressed in this letter or otherwise. Thank you for Your Honor's consideration.

---

[8]     In addition, any stay entered by this Court should automatically terminate upon entry of an order by the Bankruptcy Court lifting or modifying the automatic stay applicable to GCUK to permit this action to proceed with respect to GCUK.

-5-

Hon. Jesse M. Furman
August 31, 2021

Respectfully submitted,

James L. Bromley

cc:    Laura R. Hall (by email)
       Christos Papapetrou (by email)
       William H. Taft V (by email)

The Court is inclined to agree with Plaintiffs that an indefinite stay as to the non-Debtor Defendants is inappropriate.  But there is no need to decide that question now given Plaintiffs' consent to a temporary stay, which the Court grants.  The parties shall confer and, no later than September 8, 2021, submit an agreed-upon order granting a temporary stay along the lines proposed by Plaintiffs in their letter.  The parties shall file their proposed order on ECF and, simultaneously, email a version in Microsoft Word format to the Court.

The Clerk of Court is directed to terminate Docket No. 37.

SO ORDERED.

September 2, 2021