UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

                               x

BLUESTONE RESOURCES, INC.,
BLUESTONE COAL SALES CORPORATION,
BLACKSTONE ENERGY, LTD.,
JAMES C. JUSTICE II,
CATHY L. JUSTICE, AND
JAMES C. JUSTICE III

*Plaintiffs.*


v.


GREENSILL CAPITAL (UK) LIMITED,
ALEXANDER GREENSILL,
ROLAND HARTLEY-URQUHART


*Defendants*.

Civil Action No. 1:21-cv-02253 (JMF)

[Proposed] Order

**[PROPOSED] ORDER GRANTING LIMITED STAY**

WHEREAS, on March 16, 2021, the Plaintiffs filed a Complaint in this action (Dkt. 8)

(as amended, the "Complaint");

WHEREAS, on June 4, 2021, the Plaintiffs filed an Amended Complaint in this action

(Dkt. 20);

WHEREAS, on June 21, 2021, the Court ordered the Defendants to answer or otherwise

respond to the Complaint by September 13, 2021 (Dkt. 29);

WHEREAS, on August 18, 2021, the joint administrators (the "Joint Administrators") of

Defendant Greensill Capital (UK) Limited ("GCUK") filed with the United States Bankruptcy

Court for the Southern District of New York (the "Bankruptcy Court") a petition (the "Petition")

seeking recognition of GCUK's administration proceedings under the United Kingdom's

Insolvency Act of 1986 as a foreign main proceeding pursuant to Chapter 15 of the United States

Bankruptcy Code (the "Chapter 15 Case") (Dkt. 35);

WHEREAS, the Bankruptcy Court has scheduled a hearing on the Petition for September

10, 2021 (the "Recognition Hearing");

WHEREAS, on August 23, 2021, the Court, among other things, extended the

Defendants' deadline to answer or otherwise respond to the Complaint to September 20, 2021

and rescheduled the initial pretrial conference then scheduled for September 20, 2021 to

September 27, 2021 (Dkt. 36);

WHEREAS, in the event the Bankruptcy Court grants recognition of the Petition,  this

action may be stayed against GCUK pursuant to 11 U.S.C. §§ 362, 1520(a)(1) (a "Chapter 15

Stay"); and

WHEREAS, on September 2, 2021, following submission by Defendants Alexander

Greensill and Roland Hartley-Urquhart (the "Individual Defendants") of a letter motion

requesting that the Court stay this action with respect to themselves, with such stay to be "co-

terminous" with a Chapter 15 Stay, and a letter submitted by Plaintiffs opposing such relief but

consenting to a limited stay of this action with respect to the Individual Defendants of 90 days in

the event the Joint Administrators obtain a Chapter 15 Stay, the Court granted a temporary stay

and directed the parties to submit an agreed-upon order for a temporary stay along the lines

proposed by Plaintiffs in their letter (Dkt. 41);

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS**:

1.      Upon entry of an order by the Bankruptcy Court (if any) granting the Joint

Administrators the benefit of a Chapter 15 Stay with respect to this action, all deadlines in this

action shall be automatically and immediately stayed as to the Individual Defendants for 90 days,

including, without limitation, the deadline for the Individual Defendants to answer or otherwise respond to the Complaint, until **December 20, 2021**, *provided that* in the event a Chapter 15 Stay is modified or lifted by an order of the Bankruptcy Court in connection with this action or a Chapter 15 Stay otherwise is no longer in effect with respect to this action (the "Stay Termination"), (i) the parties shall promptly jointly inform the Court, (ii) the stay as to the Individual Defendants shall automatically and immediately terminate as of the date of the Stay Termination, and (iii) all Defendants shall have 30 days from the date of such joint notice to the Court to answer or otherwise respond to the Complaint.

2.      In the event the Joint Administrators do not obtain the benefit of a Chapter 15 Stay with respect to this action at the Recognition Hearing, all deadlines in this case shall be stayed as to all Defendants, including, without limitation, Defendants' deadline to answer or otherwise respond to the Complaint, until **October 20, 2021**.

3.      In the event a Defendant responds to the Complaint with a motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Plaintiffs shall have 60 days from such Defendant's deadline to answer or otherwise respond to the Complaint (as applicable and as set forth herein) to respond to such motion and the moving Defendants shall have 21 days for their reply in support of such motion.

IT IS SO ORDERED this _____9th_____ day of September, 2021.

In light of this Order, the initial pretrial conference is ADJOURNED sine die. The parties shall promptly file a joint letter when any stay is lifted, at which time the Court will reschedule the initial pretrial conference. For avoidance of doubt, the parties still must promptly notify the Court of the outcome of the September 10, 2021 bankruptcy hearing. See ECF No. 36.

BY THE COURT:

Jesse M. Furman
United States District Judge